The defendant, Vicente Rivera, appeals from his conviction following a jury trial in District Court of operating a motor vehicle while under the influence of intoxicating liquor, second offense, G. L. c. 90, § 24 (1) (a ) (1).[2] Concluding that the failure to admit evidence under the doctrine of verbal completeness was not prejudicial, and discerning no reversible error in the jury instructions, we affirm.
1. Verbal completeness. "Under the doctrine of verbal completeness, ' "[w]hen a party introduces a portion of a statement or writing in evidence," a judge has the discretion to "allow[ ] admission of other relevant portions of the same statement or writing which serve to 'clarify the context' of the admitted portion." ' " Commonwealth v. Crayton, 470 Mass. 228, 246 (2014), quoting Commonwealth v. Aviles, 461 Mass. 60, 75 (2011). "The purpose of the doctrine is 'to ensure that a party does not present "a fragmented and misleading version of events" to the fact finder.' " Crayton, supra, quoting Aviles, supra. "[T]he doctrine of verbal completeness does not open the door for everything in a statement or document." Commonwealth v. Doyle, 83 Mass. App. Ct. 384, 391 (2013), quoting Aviles, supra. "To be admitted, 'the additional portions of the statement must be (1) on the same subject as the admitted statement; (2) part of the same conversation as the admitted statement; and (3) necessary to the understanding of the admitted statement.' " Aviles, supra, quoting Commonwealth v. Eugene, 438 Mass. 343, 350-351 (2003).
Here, where the trooper testified on direct that the defendant said he had been drinking "Jello shots," defense counsel should have been permitted on cross-examination to ask whether during the same conversation the defendant said that "he took one Jello shot and spit it out." Such a statement would have been on the same subject as the admitted statement and part of the same conversation between the trooper and the defendant about whether the defendant had consumed alcohol that night. Because it would have clarified or minimized the first statement, it would have been necessary for the jury to fully understand the admitted statement. See Crayton, 470 Mass. at 247 & n.23. Admitting just the first part of this conversation may have risked presenting "a fragmented and misleading version" of the admission to the jury. Id. at 246, quoting Aviles, 461 Mass. at 75.[3]
Nonetheless, "[a]n error is not prejudicial if it 'did not influence the jury, or had but very slight effect.' " Commonwealth v. Sullivan, 478 Mass. 369, 376 (2017), quoting Commonwealth v. Cruz, 445 Mass. 589, 591 (2005). Here, the discussion of the Jello shot would not have been important evidence in light of the other compelling evidence of the defendant's intoxication. The defendant gave inconsistent statements regarding the amount of alcohol he had consumed and "kept flipflopping between saying he had nothing to drink and admitting to drinking alcohol." The defendant also exhibited physical signs of intoxication, such as bloodshot and glassy eyes and a strong odor of alcohol coming from his person. Moreover, the defendant's performance on field sobriety tests suggested that the defendant was intoxicated. The defendant swayed and used his arms for balance and struggled to perform the one-legged-stand test and the walk-and-turn test as instructed. In light of the compelling evidence of intoxication, we are satisfied that any error with regard to this potential evidence did not influence the jury.
2. Jury instruction on the defendant's election not to testify. The defendant asked for an instruction regarding the defendant's election not to testify, and the judge stated that he would give such an instruction. When the judge failed to give such an instruction, however, the defendant did not object. Accordingly, we review for a substantial risk of a miscarriage of justice. See Commonwealth v. McCray, 93 Mass. App. Ct. 835, 848-849 (2018) ; Commonwealth v. Botelho, 87 Mass. App. Ct. 846, 849 (2015). We discern no such risk.
As a whole, the judge's charges to the jury "satisf[ied] the requirement for an instruction minimizing the danger that the jury will draw an adverse inference from the defendant's decision not to testify." McCray, 93 Mass. App. Ct. at 849, quoting Commonwealth v. Gilchrist, 413 Mass. 216, 219 (1992). See Botelho, 87 Mass. App. Ct. at 849 (looking to instructions as a whole). In his remarks to the venire, the trial judge communicated the defendant's right not to testify, stating "there is no burden on a defendant" and a defendant "does not have to testify or present evidence." The trial judge further informed the venire that, "[i]f a defendant remains silent, the jury may not use it against him in deciding the case." In the judge's preliminary instructions during trial, he explained the presumption of innocence by stating that "[t]he law does not require the defendant to prove his innocence or to produce any evidence." He reiterated this in his final charge by instructing that "[t]he defendant is not required to call any witnesses or produce any evidence, since he is presumed to be innocent." These instructions adequately conveyed the impropriety of an adverse inference such that we can discern no substantial risk of a miscarriage of justice. See McCray, 93 Mass. App. Ct. at 849.
3. Instruction on police investigation. "[A] judge is not required to instruct on the claimed inadequacy of a police investigation." Commonwealth v. Lao, 460 Mass. 12, 23 (2011), quoting Commonwealth v. Boateng, 438 Mass. 498, 507 (2003). See Commonwealth v. Bowden, 379 Mass. 472, 485-486 (1980). Rather, the "judge may not remove the issue of a biased or faulty police investigation from the jury." Commonwealth v. Avila, 454 Mass. 744, 767 (2009). Here, the judge acted within his discretion in giving a Bowden instruction relating to the defendant's booking photograph but not relating to the trooper's failure to record the stop. The judge permitted the defendant to present evidence and to argue that the absence of a recording demonstrated the inadequacy of the investigation. Moreover, the judge instructed that the jury could consider "any omissions in the investigation [that] were significant and not adequately explained." See Lao, 460 Mass. at 23. Accordingly, "[t]here was no error where the defendant was free to argue ... that the police investigation was inadequate." Commonwealth v. Durand, 475 Mass. 657, 674 (2016).
Judgment affirmed.

The defendant pleaded guilty to the second offense portion of the charge. The defendant also pleaded guilty to possession of cocaine, G. L. c. 94C, § 34, but that conviction is not before us.

An offer of proof of what counsel expected the trooper to state would have greatly assisted the trial judge (and us) in deciding the verbal completeness question. Cf. Commonwealth v. Moore, 480 Mass. 799, 807 n.8 (2018) (defendant's offer of proof as to portions of excluded audio recording "put the judge on notice of the purpose of the proffered evidence"). Alternatively, counsel could have requested a voir dire of the trooper on this point.